# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8140 | **DATE** | October 3, 2003 |
| **CASE TITLE** | Patricia Andreas, et al   v   Lucent Technologies | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing set for 10/9/03, at 9:00 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]
Memorandum opinion and order entered. Defendant's motion to dismiss is granted with respect to counts III and VI and denied with respect to counts I, II, IV and V.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 0 6 2003 | 18 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| GDS courtroom deputy's initials | | 03 OCT -3 PM 4:15 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA ANDREAS and NORMA FOGG, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 02 C 8140 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| LUCENT TECHNOLOGIES INC., ) | |
| ) | |
| Defendant. ) | |

**DOCKETED**
OCT 0 6 2003

## MEMORANDUM OPINION AND ORDER

In their six-count complaint, plaintiffs seek monetary and injunctive relief from defendant Lucent Technologies, Inc. ("Lucent") arising from the severance package they received as part of Lucent's Force Management Program ("FMP"). Specifically, plaintiffs assert claims under the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. (Counts I and IV), and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e) et seq. (Counts II and V), as well as state law fraud claims (Counts III and VI). Defendant has moved to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that (1) plaintiffs' claims are precluded by the releases they executed as part of their severance packages, and (2) plaintiffs' state law fraud claims should be dismissed for the additional reason that they are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. For the reasons stated below, defendant's motion to dismiss is granted with respect to plaintiffs' fraud claims, but denied with respect to plaintiffs' ADEA and Title VII claims.



## FACTS

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to rule on its merits. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the court accepts the allegations of the complaint as true and views the facts in the light most favorable to the plaintiff. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

According to plaintiffs' complaint, they were informed in Spring 2001 that they were going to be part of Lucent's FMP program and, although their positions were being terminated, they were free to seek other employment opportunities within Lucent. Plaintiffs allege that their FMP status precluded them from obtaining other positions within Lucent, however, and their employment was therefore terminated in May 2001.

Employees terminated under the FMP were eligible for certain additional benefits expressly conditioned upon the signing of a Termination Agreement and Release (the "Release"). Both plaintiffs accepted these benefits and signed the Release, which provided that in consideration of supplemental pension benefits,

> I intend to give up any rights I may have under these [employment discrimination laws] or any other laws with respect to my employment and termination of employment at Lucent and acknowledge that no Lucent Entity has (a) discriminated against me, (b) breached any express or implied contract with me, or (c) otherwise acted unlawfully toward me.

In June 2001, after plaintiffs' termination, Lucent instituted a voluntary retirement program known as the "5 and 5 Plan," which provided for the addition of five years of service and five years of age to employees eligible to participate in the program. According to plaintiffs, the benefits under the 5 and 5 Plan were superior to those under the FMP plan, and defendant had

2

a duty to disclose the imminence of the 5 and 5 plan to them prior to their signing and acceptance of the FMP. Plaintiffs further allege that defendant discriminated against plaintiffs on the basis of age and sex by including them, but not similarly situated male and younger employees, in the FMP.

## DISCUSSION

In its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), defendant argues that, (1) the Release precludes all of plaintiffs' claims, and (2) plaintiffs' state law fraud claims, Counts III and VI, should be dismissed for the additional reason that they are preempted by ERISA. For the reasons stated below, the court grants defendant's motion to dismiss Counts III and VI, but denies the motion to dismiss Counts I, II, IV, and V.

**1.     The Release**

In response to defendant's assertion that plaintiffs' claims are precluded by the Release, plaintiffs maintain that their execution of the Release was not knowing and voluntary. See Pierce v. Atchison Topeka and Santa Fe Ry. Co., 110 F.3d 431, 438 (7th Cir. 1997) ("Knowing and voluntary consent is a prerequisite to the effectiveness of waivers of federal antidiscrimination claims."). To determine whether a release was knowing and voluntary, courts generally examine the "totality of the circumstances" surrounding the employee's execution of the release, which involves consideration of the following factors: (1) the employee's age and business experience; (2) the employee's input in negotiating the terms of the release; (3) the clarity of the agreement; (4) the amount of time the employee had for deliberation before signing the release; (5) whether the employee actually read the release and considered its terms before signing it; (6) whether the employee was represented by counsel or consulted with an attorney; (7) whether the

3

consideration given in exchange for the waiver exceeded the benefits to which the employee was already entitled by contract or law; and (8) whether the employee's release was induced by some improper conduct by the defendant. Pierce v. Atchison Topeka and Santa Fe Ry. Co., 65 F.3d 562, 571 (7th Cir. 1995).

Defendant's assertion that "plaintiffs simply have failed to present any facts that would tend to establish any of the factors under the totality of the circumstances test" is contradicted by the plain text of the complaint. The crux of plaintiffs' complaint is that, (1) defendant had a duty to disclose information regarding the impending announcement of the 5 and 5 Plan, and (2) had plaintiffs known of the superior benefits that could have been available to them under the 5 and 5 Plan, they would not have accepted the FMP[1] and executed the Releases. Drawing all reasonable inferences in plaintiffs' favor, the court cannot conclude as a matter of law that plaintiffs knowingly and voluntarily executed the Releases. Defendant's arguments might have greater weight if they are presented in a motion for summary judgment or at trial, after a fully developed record, but are inappropriate on a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6). Thus, defendant's motion to dismiss on the basis of the Release is denied.

---

[1] In its reply brief, defendant asserts that "the FMP was an involuntary program and plaintiffs did not have the option of foregoing termination and selecting the [5 and 5 Plan]." This simply begs the question, however, since plaintiffs allege that they were selected for the FMP on the basis of their sex and age.

## 2. ERISA Preemption

Defendant further argues that plaintiffs' state law fraud claims must be dismissed pursuant to ERISA's preemption provision, which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Generally, "[t]he common thread running through [preemption] cases is that complete preemption is required where a state law claim cannot be resolved without an interpretation of the [plan] by federal law." Rice v. Panchal, 65 F.3d 637, 644 (7th Cir. 1995).

Plaintiffs concede that "the denial of plans and benefits is part of the fraud [claim]." Indeed, with respect to their fraud claims, plaintiffs seek damages in the amount of the benefits to which they believe they would have been entitled under the 5 and 5 Plan. These claims would require, at the very least, an analysis of the underlying benefit plans - specifically, whether plaintiffs were in fact eligible to participate in the 5 and 5 Plan and the scope of the benefits provided thereunder. Accordingly, plaintiffs' fraud claims "relate to" any employee benefit plan and are preempted by ERISA. See Anderson v. Humana, Inc., 24 F.3d 889, 891 (7th Cir. 1994) ("A claim... that employees were fraudulently induced to pick one option under a plan rather than another, lies comfortably within the zone of exclusive federal control."); see also Reilly v. Blue Cross and Blue Shield United of Wisconsin, 846 F.2d 416, 426 (7th Cir. 1988) (state law claims for fraud preempted by ERISA). Counts III and VI are therefore dismissed, and plaintiffs are granted leave to amend their complaint to assert ERISA claims.

## CONCLUSION

For the reasons stated herein, defendant's motion to dismiss is granted with respect to Counts III and VI and denied with respect to Counts I, II, IV, and V. The parties are directed to appear for a status report on October 9, 2003, at 9:00 a.m.

**ENTER:** October 3, 2003

Robert W. Gettleman
United States District Judge

6